## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK OVERTON** | |
| | **CIVIL ACTION** |
| **VERSUS** | |
| | **NUMBER:** |
| **M/V ALTRO DONNA, LLC and** | |
| **M/V ALTRO DONNA and the** | **SECTION:** |
| **M/V TOMORROW, and ABC** | |
| **COMPANY** | **MAG:** |

## COMPLAINT

### I.

Made Defendants herein are:

1. The M/V Altro Donna, a tugboat owned and operated in Louisiana, owned by Defendant, M/V Altro Donna L.L.C., a Louisiana LLC.

2. M/V Altro Donna L.L.C., a Louisiana LLC domiciled in Jefferson Parish, licensed to do and doing business in Orleans Parish and Jefferson Parish.

3. The M/V Tomorrow, a vessel flying under the flag of the Marshall Islands, owned/managed by its owner pro hac vice, ABC Company.

4. ABC Company, an unknown entity that is the owner pro hac vice of the M/V Tomorrow.

### II.

This is a case of admiralty and maritime subject-matter jurisdiction within the meaning of Fed. R. Civ. P. 9(h), as hereinafter more fully appears. The Plaintiff asserts 33 USC 901 et seq. allow him to file this action under this court's admiralty and maritime subject-matter jurisdiction.

**III.**

At all times material hereto, Plaintiff Derrick Overton (sometimes "Mr. Overton") was employed as a longshoreman by Ports America, and covered under 33 USC 901 et seq. (The LHWCA).

**IV.**

On June 30, 2017, Plaintiff was working aboard the M/V Tomorrow, which was being unloaded with a barge.  Towing/propulsion for said barge was provided by the M/V Altro Donna.

**V.**

At the time of this accident on June 30, 2017, the M/V Altro Donna drove into the barge, causing the barge to suddenly go up river.  The M/V Tomorrow remained docked.  At least one cable near the Plaintiff was still attached to the barge.  As the barge moved up river, tension and friction in the cable near the Plaintiff suddenly increased to the point that the cable snapped, striking the Plaintiff and causing severe, crippling, and disabling injuries to his body.

**VI.**

In the alternative, it is plead that the M/V Altro Donna and its crew failed to properly tie or untie the M/V Altro Donna to/from the barge.  It is alleged that the crew of the M/V Altro Donna failed to properly moor or unmoor the M/V Altro Donna from the barge causing it to move upriver as described in Paragraph "V." above.  The crew of the M/V Altro Donna accelerated upriver before its mooring to the vessel was properly changed.

**VII.**

The crew of the M/V Tomorrow and ABC Company as owner pro hac vice of the M/V Tomorrow were at fault for failing to provide adequate supervision over the procedures employed by the M/V Altro Donna.

**VIII.**

The injuries suffered by Plaintiff were a direct and proximate result of the negligent operation of the M/V Altro Donna by its crew and owner, M/V Altro Donna LLC.  The following acts caused the barge to go upstream causing the cable to snap:

1. Running into the barge;
2. Failing to properly approach the barge to secure its lines;
3. Failing to ensure that the barge and vessel were properly rigged before approaching the vessel to secure its lines;
4. Failure to observe rigging safety;
5. Failure to follow applicable OSHA and other applicable regulations;
6. Failure to observe the rules of the road;
7. Failure to provide an adequate crew;
8. Other acts of negligence to be discovered in the course of litigation.

**IX.**

The injuries sustained by Plaintiff required extensive treatment and have rendered him incapable of performing his job.  As a result of his injuries he has had and will continue to have medical treatment, entitling him to past and future medical damages.  He has suffered and will suffer lost wages and other economic loss, for which he is entitled past and future lost earnings.

He has endured much pain and suffering and loss of enjoyment of life from his injuries, for which he is entitled general damages.

**X.**

Plaintiff's injuries are causally related to the negligence of defendant, as detailed above. Plaintiff is informed and believes and on such information and belief alleges that the aforementioned injuries are permanent in nature. All of said injuries have caused and will continue to cause, plaintiff severe pain and suffering, whereby he has been generally damaged in a sum to be proven at trial.  He is entitled to general damages for past and future pain and suffering.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

 1. For general damages according to proof at trial;

 2. For medical and incidental expenses according to proof;

 3. For loss of earnings and earning capacity (past and future) according to proof;

 4. For costs of suit incurred herein; and

 5. For such other and further relief as the court may deem just and proper.

[Signed on next page]

Respectfully Submitted:

THE LAW OFFICE OF WILLIAM S. VINCENT, JR.
2018 Prytania Street
New Orleans, LA 70130
Telephone:  (504) 522-3220
Facsimile:  (504) 568-1408


 <u>/s/ W. Jared Vincent</u>
W. Jared Vincent, La. Bar No. 27695
William S. Vincent, Jr. La. Bar No.13094
jared@wsvjr.com